FILED
2021 OCT 13
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,<br><br>                    Plaintiff,<br>v.<br><br>JESSE D. CLAYTON, an individual, and ALEXANDER DE HAYDU, an individual,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-92 JNP DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

      Before the court is non-party Metropolitan Group Property and Casualty Insurance Company's (Metropolitan) Motion to Intervene as a matter of right under Federal Rule 24(a)(2).[1] Metropolitan filed this Motion asserting it has a right to intervene as the underinsured and uninsured motorist policy carrier for Defendant Alexander De Haydu. For the reasons explained herein, Metropolitan's Motion is DENIED.[2]

BACKGROUND

      This is a declaratory judgment action arising from a state lawsuit filed by Alexander De Haudu against Jesse Clayton. The underlying action stems from an auto accident. Complaint ¶¶ 7-20. Mr. De Haydu filed a complaint in August 2020 alleging that an automobile accident

---

[1] ECF No. 18, ECF No. 22. The court has reviewed both motions and finds them duplicative. As such, the court's decision is applicable to both motions. This matter is referred to the undersigned for consideration under 28 U.S.C. § 636(b)(1)(A). (ECF No. 6.) The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1.

[2] "An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action." *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 839 (10th Cir. 1996). Because such an order is dispositive of a party's right to join an action, the district judge may decide to construe this order under the standards of a Report and Recommendation that provides for de novo review. *See* 28 U.S.C. § 636(b)(1)(B).

occurred in September 2016. Mr. De Haudu avers that Mr. Clayton changed lanes into the HOV lane where Mr. De Haudu was stopped. Mr. Clayton then rear-ended him at a high rate of speed causing injuries. Mr. Clayton was driving a Chevrolet Tahoe that is allegedly owned by Dawn Cook, who was added as a defendant to the underlying suit by Mr. De Haydu. Dawn Cook is married to Craig Cook and both are not related to Mr. Clayton. Mr. De Haudu alleged negligence against Mr. Clayton and Dawn Cook. Ms. Cook was dismissed with prejudice from the underlying suit.

Plaintiff Auto-Owners Insurance Company (Auto-Owners), issued an automobile policy to Craig Cook with effective coverage during the accident. Auto-Owners investigated the accident and determined that neither Ms. Cook, nor her husband, gave Mr. Clayton permission to operate the Tahoe on the date of the accident. Thus, according to Auto-Owners, Mr. Clayton is not qualified as a person who is entitled to liability coverage under the policy. Despite this determination, Auto-Owners proceeded to appoint legal counsel for Mr. Clayton and is currently incurring the costs for his defense in the underlying suit.

In the instant matter Auto-Owners seeks a declaratory judgment, "indicating that the Policy does not provide coverage for Mr. Clayton and there is no duty on the part of Auto-Owners to provide a defense for Mr. Clayton in the lawsuit filed by Mr. De Haydu." *Id.* ¶ 35. Auto-Owners claims it is not required to indemnify Mr. Clayton or pay any settlement or judgment obtained by Mr. De Haydu.

Purported intervener Metropolitan is the underinsured and uninsured motorist policy carrier for Mr. De Haydu. Metropolitan claims an interest relating to the coverage determination at issue in this matter, and argues that "disposing of the action would impair or impede Metropolitan's ability to protect its interest." Mtn. p. 2, ECF No. 18. The question before the

court is whether Metropolitan, as the underinsured and uninsured motorist policy carrier for the plaintiff in the underlying suit, has a right to intervene pursuant to Federal Rule 24(a), in this suit which seeks to determine the rights, benefits, and obligations of the parties in this suit under Plaintiff's policy.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs intervention. Intervention may come in one of two forms: (1) intervention as a matter of right or (2) permissive intervention. Metropolitan seeks intervention as a matter of right.

Rule 24 (a) provides for intervention of right:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

   (1) is given an unconditional right to intervene by a federal statute; or

   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24.

"Under Rule 24(a), an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

## ANALYSIS

Metropolitan contends it is entitled to intervene as a matter of right. Specifically, Metropolitan asserts its application is timely, it holds an interest relating to the subject matter of

this action, its interest could be impaired absent intervention, and the parties here do not adequately protect its interest. *See* Fed. R. Civ. P. 24(a).

Auto-Owners rejects Metropolitan's assertion, arguing Metropolitan has no grounds or standing to "intervene in this declaratory judgment action brought by Auto-Owners against Jesse Clayton, who is alleged to have some right to coverage under the Auto-Owners' policy, and Mr. De Haydu, who is a potential third-party claimant against that policy." Op. p. 2, ECF No. 19. Metropolitan is not a party to the Auto-Owner's contract and has "entered into a separate and independent contract with Mr. De Haydu, to which Auto-Owners and Mr. Clayton are not parties." *Id.* at p. 3. Auto-Owners continues, noting any obligations Metropolitan may have in its agreement with Mr. De Haydu are not ripe, are not part of this case, and should and can be raised in future litigation.

There is no disagreement between the parties that the application to intervene is timely, and that whatever interest Metropolitan has is not represented by the existing parties. Rather, the crux of the parties' dispute lies in whether there is an interest relating to the property or transaction subject in this action, and whether Metropolitan's interest as a practical matter is impaired or impeded.

Metropolitan must show that it has "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit requires that "'[the] interest in the proceedings be 'direct, substantial, and legally protectable.'" *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quoting *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.)*, 998 F.2d 783, 791 (10th Cir. 1993)) (citations and quotations omitted). "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination,"

*Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir.1995), and "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967); *see Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth*, 100 F.3d at 841.

Metropolitan cites *W. Energy All v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017), for the proposition that it is has a protectable interest that would be impeded by the disposition of this action. *Zinke* involved a request by conservation groups to intervene in a case involving efforts to "alter the BLM's leasing practices with the stated goal of increasing oil and gas development on public lands." *Id.* at 1165. The Tenth Circuit found the "conservation groups' interests in reducing the instances and effects of oil and gas drilling on public lands alone would satisfy the second factor of Federal Rule of Civil Procedure 24(a)." *Id.* And, the conservations groups had an additional interest arising from years of involvement in establishing leasing reform policy. Taken together, these interests easily met the "direct, substantial, and legally protectable" standard. Metropolitan claims its interest is "significantly more concrete."

Metropolitan also points to *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009), citing to the Tenth Circuit's reliance on a "direct economic stake in the subject of th[e] litigation" as a sufficient protectable interest. Metropolitan asserts it interest is both direct and non-contingent. Direct because a ruling in this case "<u>could</u> directly establish Metropolitan's coverage liability." Mtn p. 6 (emphasis added). And, non-contingent "in the event this Court concludes Auto-Owners does not owe coverage to Mr. Clayton, Metropolitan will be responsible for damages to Mr. De Haydu, regardless of the outcome of the state litigation." *Id.* at p. 7.

5

The court is not persuaded by Metropolitan's arguments. "Whether [Metropolitan] has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Coal. of Ariz./New Mexico Ctys. for Stable Econ. Growth*, 100 F.3d at 841. Metropolitan is the underinsured and uninsured motorist policy carrier for Mr. De Haydu. This case concerns contractual rights between Auto-Owners and Mr. Clayton. The resolution of those rights has a tangential, not a concrete or direct impact on Metropolitan, because even if the court finds there is no right to coverage for Mr. Clayton, Mr. De Haydu must still prevail in the underlying action before Metropolitan would have any potential liability. And at this time, it is unknown to the court whether Mr. Clayton has other individual coverage that may apply. In short, Metropolitan's liability is not as automatic as it suggests.

The court did not find any binding authority holding that an underinsured and uninsured motorist policy carrier's intervention is required in a declaratory judgment action. And Metropolitan did not cite any such authority to the court. Caselaw discussing the intervention of insurance companies is nuanced and very fact dependent. For example, recently this court in *Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 2021 WL 321951 (D. Utah Jan. 29, 2021), held it was proper to exercise its discretion to hear an insurance companies' declaratory action rather than dismiss the case based on specific facts. *Id.* 2021 WL 321951 at *7. And, the Utah Supreme Court noted unique circumstances involving an insured who was unrepresented in deciding "whether an automobile liability insurance carrier providing uninsured motorist coverage may intervene as of right as a party defendant in a tort action between its insured and an uninsured motorist tortfeasor," *Lima v. Chambers*, 657 P.2d 279, 280 (Utah 1982), superseded on other grounds by *Supernova Media, Inc. v. Pia Anderson Dorius Reynard & Moss, LLC*, 297 P.3d 599 (Utah 2013).

The guiding principle in these cases is that courts exercise judgement based on the unique circumstances of a case when determining whether to allow intervention. Here, based on the facts before it, the court finds Metropolitan's interest is not direct or substantial. Whether Metropolitan has a protectable interest in a declaratory judgment action involving a contractual relationship between an individual who is not a party to any Metropolitan contract, is also questionable. A protectable interest is one that "would be 'impeded by the disposition of the action.'" *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007) (en banc), abrogated on other grounds by *Hollingsworth v. Perry*, 570 U.S. 693, 133 S.Ct. 2652, 2659–65, 186 L.Ed.2d 768 (2013); *see also Allarad v. Frizzell*, 536 F.2d 1322, 1334 (10th Cir. 1976) (per curiam) (affirming the denial of an application to intervene as of right, by an environmental group because they did not have an interest that would be impeded by the disposition of the action). As noted above, Metropolitan will not incur automatic liability from the disposition of this action. Metropolitan's interest appears to be a tangential, contingent interest that does not fit squarely within a protectable interest as outlined by the Tenth Circuit.

## ORDER

For the reasoning set forth above, Metropolitan's Motion to Intervene in this declaratory judgment action is DENIED.

DATED this 13 October 2021.

_____
Dustin B. Pead
United States Magistrate Judge