FILED
2021 OCT 28 PM 2:58
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JESSE CLAYTON and ALEXANDER DE HAYDU,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:21-cv-00092-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Auto-Owners Insurance Company's motion for a default judgment. ECF No. 14. The court DENIES the motion.

## BACKGROUND

In a separate action, Alexander De Haydu sued Jesse Clayton for damages caused by an automobile accident. Auto-Owners appointed legal counsel for Clayton in that lawsuit.

Auto-Owners subsequently filed this action against both Clayton and De Haydu, seeking a declaration from the court that the automobile accident was not covered under its insurance policy. De Haydu filed an answer. But Clayton failed to respond to the complaint, and the clerk of court entered a default certificate against him. Auto-Owners now seeks a default judgment against Clayton.

## ANALYSIS

Auto-Owners seeks a default judgment against Clayton consisting of a declaration by the court that the automobile accident was not covered by its insurance policy. The court denies the

motion for a default judgment because the requested declaration would affect the rights of De Haydu, who answered the complaint and contests Auto-Owners' right to such a declaration.

"[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (per curiam) (quoting 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (1983)); *accord Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). This principle also applies when a plaintiff seeks declaratory relief against multiple defendants. In *National Casualty Co. v. Thomas & Sons Trucking, L.L.C.*, No. 14-4023, 2014 WL 11497892 (D. Kan. Dec. 5, 2014), for example, an insurance company sought a declaration against three defendants that it had no duty to cover an accident. *Id.* at *2. Citing *Frow*, the court denied a motion for a default judgment where only one of the defendants defaulted because doing so would have risked inconsistent findings on the coverage issue as to the non-defaulting defendants. *Id.*; *accord Allstate Prop. & Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110-CM, 2009 WL 196150, at *1 (D. Kan. Jan. 23, 2009) (denying a motion for default judgment where an insurance company sought a declaration regarding its duty to cover damages caused by an automobile accident and only one of three defendants defaulted); *see also Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394 (10th Cir. 1996) (unpublished table decision) (holding that *Frow* and *Hunt* were not confined to cases where a plaintiff asserts joint liability against multiple defendants; they also apply where a default judgment would affect the rights or defenses of non-defaulting codefendants).

Here, Auto-Owners seeks a default judgment against Clayton regarding coverage for the automobile accident. But De Haydu has not defaulted. Issuing a declaration regarding coverage at this stage of the litigation risks inconsistent judgments when the coverage issue is resolved as to

2

De Haydu. Thus, pursuant to *Frow* and *Hunt*, the court denies Auto Owners' motion for a default judgment at this time.

DATED October 28, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge