IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,<br><br>    Plaintiff,<br>v.<br><br>JESSE D. CLAYTON, an individual, and ALEXANDER DE HAYDU,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE AND EXTENSION OF TIME<br><br>Case No. 2:21-cv-00092-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

  Before the court are two motions from Plaintiff Auto-Owners Insurance Company.[1] Auto-Owners seeks an extension of time to serve Defendant Jesse Clayton to complete his deposition. Plaintiff also seeks permission for alternative service upon Mr. Clayton. There has been no opposition filed to the motions and the time to do so has passed. The court grants both motions as set forth below.

  Auto-Owners filed this suit seeking declaratory judgment stemming from a lawsuit filed by Alexander De Haydu against Jesse Clayton. That proceeding arose from an auto accident involving Mr. Haydu and Mr. Clayton. Mr. Haydu alleges that Mr. Clayton changed lanes into the High Occupancy Vehicle lane where he was stopped and rear-ended him at a high rate of speed resulting in serious injuries. After investigating the accident, Auto-Owners determined that Mr. Clayton was not covered under its insurance policy. Auto-Owners seeks a declaratory judgment, "indicating that the Policy does not provide coverage for Mr. Clayton and there is no

---

[1] This matter is referred to the undersigned from Judge Jill N. Parrish pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 6.)

duty on the part of Auto-Owners to provide a defense for Mr. Clayton in the lawsuit filed by Mr. De Haydu." Compl. ¶ 35.

In support of its motions, Plaintiff cites to the history of this case and the efforts Auto-Owners has taken to serve Mr. Clayton to finish the remainder of his deposition. On December 6, 2021, Counsel for Defendant Alexander De Haydu and Counsel for Auto-Owners began Mr. Clayton's deposition. After approximately one hour, Mr. Clayton expressed a desire to stop and get his own lawyer to help him better understand what was happening. Since this time Plaintiff has made multiple attempts to serve a notice of deposition on Mr. Clayton. Plaintiff has also engaged in a "skip trace" to locate Mr. Clayton,[2] and retained a private investigator who determined Mr. Clayton moved and changed his phone number since the deposition in December. Auto-Owners seeks permission to serve Mr. Clayton at his parents' address.

Federal Rule of Civil Procedure 4 states that service of process may be effectuated by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where services is made." Fed. R. Civ. P. 4(e)(1). Under Utah state law, a court may order alternative service where service is "impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service." Utah R. Civ. P. 4(d)(5)(A). "[T]he party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties." *Id.*

---

[2] A skip trace is a process of collecting information on a hard to find individual in an attempt to locate them. Various records and methods are used such as searching phone number databases, credit reports, utility bills, public tax information, and other online resources and databases.

Upon review, Plaintiff has satisfied its burden under Utah Rule of Civil Procedure 4, and shown reasonable diligence in attempting to reach Mr. Clayton by taking "advantage of readily available sources of relevant information." *Jackson Const. Co. v. Marrs*, 2004 UT 89, ¶18; 100 P.3d 1211 (imposing a "reasonable diligence standard on parties seeking a court order for alternative service). As set forth in its memoranda and the attached Declaration, Plaintiff has diligently attempted to find and serve Mr. Clayton.

Accordingly, the court hereby GRANTS Plaintiff's motion finding it reasonable and appropriate to allow alternative service. The court has discretion to determine the appropriate means of service, and is to "order service … by means reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B). As such, the court hereby ORDERS that service upon Mr. Clayton may be accomplished by the following:

1. Plaintiff shall serve Mr. Clayton at his parents' residence.

2. Plaintiff shall also mail a copy of the deposition notice and any other pertinent material to his last known address by USPS delivery with instructions to forward it onto Mr. Clayton.

IT IS FURTHER ORDERED that the Motion for Extension of Time to (1) identify Mr. Clayton's location and (2) conduct his deposition and any related discovery is GRANTED. Plaintiff is to propose a new amended schedule to the court within (14) fourteen days from the date of this order with new proposed discovery deadlines.

IT IS SO ORDERED.

DATED this 2 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge