IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JESSE CLAYTON and ALEXANDER DE HAYDU,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ADMIT DEPOSITION TESTIMONY<br><br>Case No. 2:21-cv-00092-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is defendant Alexander De Haydu's motion to admit the deposition testimony of defendant Jesse Clayton at the upcoming bench trial. ECF No. 55. The court GRANTS the motion.

## BACKGROUND

Clayton, while driving a vehicle owned by Craig and Dawn Cook, was involved in a car accident with De Haydu. The Cooks had purchased liability insurance for the vehicle from Auto-Owners Insurance Company. De Haydu sued Clayton for damages caused by the accident in state court. Auto-Owners provided legal counsel for Clayton in that lawsuit. Auto-Owners subsequently filed this action against both Clayton and De Haydu, seeking a declaration from the court that the automobile accident was not covered under its insurance policy because Clayton did not have permission to use the Cooks' vehicle.

De Haydu deposed Clayton in the state-court action. Counsel for De Haydu, Clayton, and Auto-Owners were present for the deposition. Counsel for De Haydu examined Clayton first.

During direct examination, Clayton testified that he had permission to borrow the Cooks' vehicle at the time of the accident. The deposition transcript of this direct examination is about 16 pages long.

Counsel for Auto-Owners then cross-examined Clayton. The cross-examination focused on undermining Clayton's credibility. Counsel also asked about Clayton's default in this federal action. Clayton testified that he was unaware of this action. During the cross-examination, counsel for Auto-Owners asked Clayton for his current supervisor's contact information. Clayton asked why Auto-Owners wanted this information and then requested to take a break from the deposition. When the parties reconvened, Clayton stated that he did not wish to continue the deposition because he wanted to get his own lawyer to help him understand what was going on in the federal action brought against him. The deposition transcript of the cross-examination is about 17 pages long.

Counsel for De Haydu asked Clayton if he could ask a few more questions, and Clayton agreed. The transcript of the redirect questioning is about one page long. Counsel for Auto-Owners then noted his objection to the use of the deposition in any proceeding because he had not been able to finish his cross-examination.

Auto-Owners served several notices of deposition on Clayton to complete its examination. But Clayton never appeared. In recent months, Auto-Owners and De Haydu have not been able to locate or contact Clayton. They do not anticipate that he will appear to testify at the upcoming bench trial in this action.

## ANALYSIS

De Haydu moves for leave to use the Clayton deposition transcript at the upcoming bench trial. He cites two rules in support of his motion: Rule 804(b)(1) of the Federal Rules of Evidence,

2

which provides an exception to the hearsay rule for former testimony, and Rule 32(a) of the Federal Rules of Civil Procedure, which permits depositions to be used in court proceedings if certain conditions are satisfied. Rule 804(b)(1) and Rule 32(a) have similar requirements for admitting deposition testimony at trial. Each rule provides an independent path to the admission of deposition testimony. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2150 (3d ed. 2022). Because the court concludes that Rule 32(a) permits the court to consider the Clayton deposition transcript at the bench trial, the court confines its analysis to this rule.

> Rule 32(a) provides:
>
>> (1) . . . At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>>
>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>
>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>
>> (C) the use is allowed by Rule 32(a)(2) through (8).

Rule 32(a)(4) further states that a party may use a deposition for any purpose if the court finds "that the party offering the deposition could not procure the witness's attendance by subpoena."

The parties do not dispute that De Haydu will likely not be able to compel Clayton to appear to testify at trial through a subpoena. Nor has Auto-Owners articulated any evidentiary objections to the deposition transcript other than its hearsay objection. The sticking point in this case is whether De Haydu has satisfied the first requirement of Rule 32(a)—that Auto Owners "was present or represented at the taking of the deposition or had reasonable notice of it." The letter of this requirement was satisfied because Auto-Owners was represented during the deposition. The court, however, agrees with Auto-Owners that Rule 32(a) requires more than mere

attendance of counsel at the deposition as a passive observer. The presence of an attorney would be of little significance if he or she were unable to meaningfully participate in the deposition by questioning the deponent. Accordingly, the court concludes that Rule 32(a) implicitly requires that the opposing party be afforded an opportunity to question the deponent. *Cf.* FED. R. EVID. 804(b)(1)(B) (providing an exception to the hearsay rule for deposition testimony so long as the opposing party had "an opportunity . . . to develop [the deposition testimony] by direct, cross-, or redirect examination").

Auto-Owners had an opportunity to cross-examine Clayton. But because Clayton terminated his deposition early and allegedly evaded subsequent attempts to depose him, Auto-Owners did not have as much time to examine Clayton as it would have liked. Thus, the question presented here is whether Auto-Owners had a *sufficient* opportunity to cross-examine Clayton to satisfy Rule 32(a) and permit the deposition to be proffered as evidence in the bench trial. The parties have not cited any caselaw directly addressing this issue, nor has the court found any. The Federal Rules of Civil Procedure and the Federal Rules of Evidence, however, suggest that the court has broad discretion to determine whether Auto-Owners had an adequate opportunity to examine Clayton. Under the Federal Rules of Civil Procedure, "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." FED. R. CIV. P. 30(c)(1). Rule 611(a) of the Federal Rules of Evidence governs the examination of witnesses at trial:

> The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> (1) make those procedures effective for determining the truth;
>
> (2) avoid wasting time; and

>        (3) protect witnesses from harassment or undue embarrassment.

These guidelines for controlling the examination of witnesses are intentionally broad. "Spelling out detailed rules to govern the mode and order of interrogating witnesses and presenting evidence is neither desirable nor feasible. The ultimate responsibility for the effective working of the adversary system rests with the judge." FED. R. EVID. 611, Advisory Committee Notes. Accordingly, the court has discretion to determine the length of a cross-examination so that the examination of the witness is both effective in determining the truth and avoids wasting time.

Given this broad discretion and the specific facts of this case, the court determines that Auto-Owners had a sufficient opportunity to cross-examine Clayton to permit the admission of the deposition transcript. Auto-Owners' cross-examination was about as long as De Haydu's examination of Clayton. Moreover, Auto-Owners represented at oral argument that many of the cross-examination questions that it was unable to pose to Clayton involved impeachment of his character for truthfulness because of his criminal record. Auto-Owners can produce those criminal records during the bench trial to impeach Clayton's testimony. Most significantly, though, the court will evaluate the weight to be given to Clayton's testimony at the bench trial. The court can consider the fact that Clayton ended his deposition early as well as any evidence that he intentionally avoided further attempts to depose him in deciding the extent to which his testimony was accurate and truthful. Under these circumstances, the court concludes that the deposition transcript may be entered into evidence at the bench trial under Rule 32(a). Accordingly, the court GRANTS De Haydu's motion to admit the deposition.

DATED December 2, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge